Ball *v.* Bruce.

GEORGE BALL, Plaintiff in Error, *v.* JAMES E. BRUCE, Defendant in Error.

ERROR TO EDGAR.

It is generally a matter of discretion whether the Circuit Court will rule a party to file security for costs; but if the affidavit upon which the motion is founded be insufficient, the Circuit Court has no power under the statute to make the rule, and its decision will be reviewed in this court.

Upon a motion for a rule upon the plaintiff to file additional security for costs, an affidavit is insufficient which only avers the insolvency of the plaintiff and his security; it should show, in addition, that the circumstances of the principal or security have changed since the approval of the former bond.

THIS is an action on the case, commenced at the April term, 1857, of the Circuit Court of Edgar county, by George Ball against James E. Bruce, for the seduction of one Eliza Alsup. At the September term following, there was a demurrer filed and sustained to the declaration. The case was brought to this court, and the decision of the court below reversed, and the case remanded; and at the October term, 1859, the defendant filed his pleas, and the issues were made up. A trial was had, and a verdict rendered in favor of the plaintiff. A motion for a new trial was made by the defendant's counsel and taken under advisement by the court, and at the next January term, 1860, the court set aside the verdict of the jury, and granted a new trial, and the case was then continued to the next April term, and on the eleventh day of that term the defendant, Bruce, filed the following affidavit:

"James Bruce *ads.* George Ball—Edgar county, ss.

"James E. Bruce being duly sworn, says that the plaintiff, Ball, and John F. Anderson (who was, as defendant believes, the security for costs of said Ball in this case,) are both insolvent, and not able to pay the costs in this cause, as this defendant verily believes.

JAMES E. BRUCE."

"Subscribed and sworn to, this 11th
day of May, 1860.
          W. J. GREGG, Clerk."

On motion of defendant's counsel on this affidavit, the court ruled the plaintiff to give additional security by the Monday following, which the plaintiff declined doing, and the court dismissed the case. The plaintiff at the time excepted, and brings the case to this court on writ of error, and assigns as errors :

That the court erred in ruling the plaintiff to give security for costs.

The court erred in dismissing said case because the plaintiff failed and declined to execute bond for costs.

The ruling and judgment of the court are contrary to law.

The court erred in maintaining said motion for security for costs, because it was not made at the first term at which it could have been made, and no reason shown in the affidavit for the delay.

A. GREEN, for Plaintiff in Error.

JAMES A. EADS, for Defendant in Error.

WALKER, J. This was a motion, in the court below, for a rule on plaintiff, for additional security for costs. It was based on this affidavit : "James E. Bruce being duly sworn, says that the plaintiff Ball, and John F. Anderson, who was, as affiant believes, the security for costs of the said Ball in this case, are both insolvent, and not able to pay the costs in this cause, as this affiant verily believes." The court below, upon this affidavit, ruled the plaintiff to give additional security by the following morning. He having failed to comply with this rule, the suit was dismissed and judgment rendered against him for the costs of suit, to reverse which, he prosecutes this writ of error.

It is insisted, that it is a matter of discretion, whether the court will rule a party to give security for costs. This may be true, as a general proposition, at the common law. And it was so held by this court, in the cases of *Gesford* v. *Critzer*,

2 Gilm. 698, and *Selby* v. *Hutchinson*, 4 Gilm. 319, on applications, in the first instance. This is, however, a second application, and for additional security, the plaintiff having given security, under a former rule of the court. When he complied with that rule, the sufficiency of the security must have been satisfactory to the court, or to the clerk approving it at the time, and for aught that appears the defendant may himself have been perfectly satisfied with its sufficiency at the time it was given.

This affidavit fails to disclose any fact, showing that the circumstances of the principal and security to the bond for costs had changed, after it was approved. There is nothing to show that they were not altogether as able to pay the costs as when the bond was first given. From anything appearing in the affidavit, it may have been filed to reinvestigate the question of the solvency of the surety, after the bond was filed, or it may have been an independent motion, upon the ground that the security had become insolvent after the execution of the bond. We think this affidavit was wholly insufficient, upon which to base a motion for additional security, although it may have been proper, on an application for security for costs in the first instance. Had the affidavit been sufficient for the purpose, and the court had ruled him to give security, either on the first or subsequent application, we should have regarded the case as falling within the rule announced in the cases referred to above. But until the court has before it a sufficient affidavit, he has no power to make the rule under the second section of the cost act, especially where its sufficiency is not admitted by justifying under it, or in some other mode.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*